UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JESSICA MASON,

        Plaintiff,

    v.

THEMARYSUE, LLC, a Delaware limited liability corporation, GAMURS, INC., a Delaware business corporation, TRINET HR III, INC., a California business corporation, ANDREW EISBROUCH, individually, DAN VAN WINKLE, individually, and KAILA HALE-STERN, individually,

        Defendants.

Case No. 3:22-cv-00766-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Jessica Mason alleges claims of employment discrimination, retaliation, and wrongful termination, among others, against defendant Themarysue, LLC and related entities and individuals. ECF 1-1. Themarysue operates "The Mary Sue," a feminist news and entertainment website that covers movies, television, video games, and more. Compl. ¶ 2, ECF 1-1; Mot. Transfer 2, ECF 16. Themarysue hired plaintiff in September of 2019 to cover for a weekend editor who was on leave, and in November of 2019, hired plaintiff as a full-time

1 – OPINION AND ORDER

assistant editor. Mot. Transfer 2, ECF 16. The parties entered into an employment agreement, which provides in pertinent part:

> Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of New York. Any legal suit, action, or proceeding arising out of or relating to this Agreement may be instituted exclusively in the federal courts of the United States of America or the courts of the State of New York in each case located in the City of New York and County of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such legal suit, action, or proceeding.

Eisbrouch Decl., Ex. 2 at 1, ECF 18-1.

Themarysue terminated plaintiff in April of 2021. Mot. Transfer 4, ECF 16. Plaintiff initially filed her complaint, which alleges violations of Oregon employment and civil rights laws, in Washington County Circuit Court in April of 2022. ECF 1-1. Defendants timely removed the case to this court in May of 2022 based on diversity jurisdiction. Notice Removal ¶¶ 9–23, ECF 1.

Defendants have filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), arguing that the language of the forum-selection clause—that any claim "arising out or relating to" plaintiff's employment "may be initiated exclusively in the federal courts . . . located in the City of New York and County of New York"—requires this case to be transferred to the United States District Court for the Southern District of New York. ECF 16. Because the forum-selection clause is valid and mandates transfer of this case to the Southern District of New York, the motion is granted.[1]

---

[1] A motion to transfer venue under 28 U.S.C. § 1404(a) does not address the merits of the case, and thus "it is a non-dispositive matter that is within the province of a magistrate judge's authority" under 28 U.S.C. § 636(b)(1)(A). *Corrinet v. Burke*, No. 6:11–cv–06416–TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012); *see also Cantley v. Radiancy, Inc.*, 2016 WL 4191889, at *6 (E.D. Cal. Aug. 8, 2016); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013); *Shenker v. Murasky*, No. 95 CV 4692 (NG)(RML), 95 CV 4739

2 – OPINION AND ORDER

ANALYSIS

I.     Controlling Law—28 U.S.C. § 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (simplified).

Under section 1404(a), the court has "discretion . . . to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). However, as the Supreme Court explained in *Atlantic Marine*, where the parties' contract contains a forum-selection clause, "[t]he calculus changes." *Id.* at 63. A valid forum-selection clause "protects [the parties'] legitimate expectations and furthers vital interests of the

---

(NG)(RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D. La. 1991) ("[a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure").

3 – OPINION AND ORDER

justice system" and should therefore "be given controlling weight in all but the most exceptional cases." *Id.* (simplified). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Accordingly, courts "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and only consider argument about public-interest factors. *Id.*

Courts have applied the *Atlantic Marine* "new calculus" analysis if the forum-selection clause mandates that suits be brought in a particular forum and plaintiff disregards that contractually agreed-upon choice by filing elsewhere. *Found. Fitness Prod., LLC v. Free Motion Fitness*, 121 F. Supp. 3d 1038, 1043 (D. Or. 2015). If, however, the contract simply allows but does not mandate that the parties bring suit in a particular forum, "a majority of federal courts have rejected the analysis employed by the Supreme Court in *Atlantic Marine,* and have instead applied the traditional analysis." *Id.*

## II. Permissive or Mandatory Forum-Selection Clause

The first task, then, is to determine whether the forum-selection clause in this diversity case is permissive or mandatory, which is a question of contract interpretation governed by federal law.[2] *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987); *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, No. 3:18-cv-1470-SI, 2018 WL 4690364,

---

[2] Plaintiff does not assert that the forum-selection clause is otherwise invalid or unenforceable. *See*, *e.g.*, *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (recognizing reasons that would make enforcement of a forum-selection clause unreasonable, including fraud or overreaching). Moreover, to the extent plaintiff contends that defendants waived the right to transfer after removing this case from Oregon state court to this court, such an argument would be without merit. *See Yageo Am. Corp. v. Tseng*, No. C06-0227RSL, 2006 WL 8454994, at *1 (W.D. Wash. Apr. 21, 2006) ("Defendants' removal did not waive the right to request a discretionary transfer to a more convenient venue under 28 U.S.C. § 1404(a).").

at *2 (D. Or. Sept. 28, 2018) ("Federal law governs the interpretation of forum selection clause in a diversity case.") (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). When interpreting a contract, its plain language "should be considered first." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). "A written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations." *Id.* A contract "is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation." *Id.*

"To be mandatory, a forum selection clause must contain wording suggesting that the parties intended to designate the specified forum as the *exclusive* forum." *Summit Foods*, 2018 WL 4690364, at *2 (emphasis in original) (citing *N. Cal. Dist. Of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)); *Docksider, Ltd. V. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)). "When the forum selection clause specifies only one permissible jurisdiction, however, the clause will generally not be enforced without some further language indicating the parties' intent to make the named jurisdiction exclusive." *Summit Foods*, 2018 WL 4690364, at *2 (citation omitted).

Here, the forum-selection clause states that actions "arising out of or relating to this Agreement *may be instituted exclusively* in the federal courts of the United States of America or the courts of the State of New York in each case located in the City of New York and County of New York[.]" Eisbrouch Decl., Ex. A at 2, ECF 18-1 (emphasis added). Although the phrase "may be instituted" could, in isolation, be interpreted as a permissive clause, it is further modified by the word "exclusively." Read as a whole, the phrase "may be instituted exclusively" is a mandatory forum-selection clause, because it unambiguously shows the parties intended that the federal courts or New York state courts located in the City or County of New York are

5 – OPINION AND ORDER

"exclusively" the courts in which a claim under the employment agreement "may" be brought. *See Klamath Water Users*, 204 F.3d at 1210.

Plaintiff cites numerous cases in which courts have held that forum-selection clauses using the word "may" were permissive and not mandatory. *See Royer v. Culinary Sch. of Fort Worth, LLC*, No. CV-07-1946-PHX-SRB, 2008 WL 11339086, at *1 (D. Ariz. July 1, 2008) ("Any and all suits for any breach or other dispute of this Franchise Agreement may be instituted and maintained in any court of competent jurisdiction in Tarrant County, State of Texas[.]"); *Siteworks Sols., LLC v. Oracle Corp.*, No. 08-2130-A/P, 2008 WL 4415075, at *2 (W.D. Tenn. Sept. 22, 2008) ("[A]ny Proceeding relating to this Agreement or the enforcement of any provision of this Agreement may be brought or otherwise commenced in any state or federal court located in the County of San Mateo, California or in the County of San Francisco, California."); *Residential Fin. Corp. v. Jacobs*, No. 2:13-CV-1167, 2014 WL 1233089, at *2 (S.D. Ohio Mar. 25, 2014) (action brought by employee "may be venued in Mecklenburg County, North Carolina" and action brought by the employer "may be venued in Franklin County, Ohio"); *Fla. State Bd. of Admin. v. L. Eng'g & Env't Servs., Inc.*, 262 F. Supp. 2d 1004, 1008 (D. Minn. 2003) ("[A]ny legal action or proceeding . . . may be brought in the Courts of the State of Florida or in the United States District Court of Florida located in Leon County"); *Crown Lab'ys, Inc. v. Se. Com. Fin., LLC*, No. 2:11-CV-185, 2012 WL 2126945, at *1 (E.D. Tenn. Apr. 30, 2012) ("Any legal action or proceeding arising under this agreement or any other loan document may be brought . . . in the United States District Court for the Northern District of Alabama") (capitalization omitted).

However, the clauses in those cases were not accompanied by the further qualifier of the word "exclusively" contained in the clause at issue here. Instead, this case is more like *Sixty-Two*

*First St., LLC v. CapitalSource Fin. LLC*, where the court held that a similarly worded forum-selection clause providing that an action "may be brought exclusively in any state or federal court of competent jurisdiction sitting in Montgomery County, Maryland" was "clear and mandatory" because the word "exclusively" limited venue to any state or federal court sitting in Montgomery County, Maryland. No. C 11-01920 WHA, 2011 WL 2182915, at *2 (N.D. Cal. June 6, 2011).

Furthermore, the word "exclusively" in the phrase "may be brought exclusively" identifies the specific and only courts where an action may be brought, i.e., "the federal courts of the United States of America or the courts of the State of New York in each case located in the City of New York and County of New York." That distinguishes this case from another case cited by plaintiff, *Antiop, Inc. v. Reckitt Benckiser Pharmaceuticals*, 198 F. Supp. 3d 777, 779 (E.D. Ky. 2016), where the term "exclusively" was omitted from the phrase identifying the specific courts where the lawsuit had to be filed:

> Section 9.12 Submission to Jurisdiction. Any legal suit, action or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby may be instituted in the federal courts located in the Southern District of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

198 F. Supp. 3d at 779. The court found that the term "exclusive" in the second part of the clause "anticipate[d] that the parties are not to challenge the exclusive jurisdiction of the courts in the Southern District of New York" if a plaintiff chose to bring a suit there, but it did not limit the plaintiff's choice of forum. *Id.* at 783; *see also Encompass Aviation, LLC v. Surf Air Inc.*, No. 18 CIV. 5530 (CM), 2018 WL 6713138, at *9 (S.D.N.Y. Nov. 30, 2018) (finding forum-selection

7 – OPINION AND ORDER

clause was permissive because parties agreed that suits "may be instituted" in New York courts and the parties submitted to "exclusive jurisdiction" of those courts).³

Thus, in contrast to the cases relied on by plaintiff, the forum-selection clause here contains not one but two separate "exclusive" modifiers—one stating that suits "*may be instituted exclusively* in the federal courts of the United States of America or the courts of the State of New York in each case located in the City of New York and County of New York," and one providing that "each *party irrevocably submits to the exclusive jurisdiction of such courts* in any such legal suit, action, or proceeding." Eisbrouch Decl., Ex. 2 at 1, ECF 18-1 (emphasis added). The two terms have separate and clear operations: one to "exclusively" designate the only courts in which a suit "may" be brought, and the other to preclude challenges to jurisdiction there.

---

³ Still other courts have enforced as "mandatory" forum-selection clauses containing similar language as that used in *Antiop*. In *Nikolas Weinstein Studios, Inc. v. State Nat. Ins. Co.*, No. C 10-01899 WHA, 2010 WL 3703713, at *1 (N.D. Cal. Sept. 16, 2010), the forum selection clause provided:
> Any legal suit, action, or proceeding arising out of or based upon this policy may be instituted in the federal courts of the United States of America, or the courts of the State of New York, located in the City, County and State of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

The court granted the defendant's motion to transfer the case to the Southern District of New York, finding that "[t]o allow suit in any federal court in any state, as urged by plaintiff, would be contrary to the clear language of the forum-selection clause." *Id.* at *2; *see also Democracy Council of California v. WRN Ltd., PLC*, No. CV 10-5088 PSG SHX, 2010 WL 3834035, at *6 (C.D. Cal. Sept. 27, 2010), *aff'd,* 471 F. App'x 802 (9th Cir. 2012) (finding parties agreed to litigate claims in Hong Kong, where forum-selection clause stated that "any dispute not resolved amicably between the Parties may be referred to the competent court in Hong Kong, which shall have sole and exclusive jurisdiction thereof").

8 – OPINION AND ORDER

### III. Public-Interest Factors

Having determined that the forum-selection clause here is mandatory, the next step is to evaluate the public-interest factors to determine if they sufficiently outweigh the parties' bargained-for choice of forum to transform this case into one of those "most unusual cases" where the forum-selection clause should not be enforced. *Atlantic Marine*, 571 U.S. at 66. Public-interest factors "include administrative difficulties flowing from court congestion; imposition of jury duty on the people of a community unrelated to the litigation; the local interest in resolving the controversy at home; the interest in having a diversity case tried in a forum familiar with the law that governs the action; and the avoidance of unnecessary conflicts of law problems." *Wolfe v. The RV Factory LLC*, No. 3:15-CV-02424-SI, 2016 WL 1117425, at *3 (D. Or. Mar. 22, 2016) (quoting *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998)). These factors must establish that "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer" to defeat defendant's motion to transfer venue. *Atlantic Marine*, 571 U.S. at 62.

There is no significant difference in the median time to trial in the Southern District of New York (35.8 months) and the District of Oregon (33.5 months), so this factor does not weigh in favor of denying the motion to transfer. Dira Decl., Ex. 1 at 1, 5, ECF 17-1. The imposition of jury duty factor cuts both ways. New York jurors have an interest in determining if a New York business and its principals engaged in unlawful employment practices, and Oregon jurors have an interest in protecting Oregon citizens from those same practices. The local interest factor favors denying the motion to transfer because plaintiff lives in Oregon and the alleged injuries occurred in Oregon. *Wolfe*, 2016 WL 1117425 at *4 ("The Supreme Court has held that local interest factor weighs in favor of maintaining claims in the location of the relevant incident and

the residence of potential plaintiffs.") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981)). Plaintiff's claims arise under Oregon unemployment law, which in many respects is similar to federal law and is analyzed using federal employment law principles. *E.g. Tornabene v. Nw. Permanente, P.C.*, 156 F. Supp. 3d 1234, 1242 (D. Or. 2015) ("The substantive analysis for discrimination under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2(a)) and ORS § 659A.030(b) is substantially similar, and courts often analyze such claims together.") (citations omitted). Thus, the "familiarity with the law" factor is neutral. *See Atlantic Marine*, 571 U.S. at 67 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."); *Tschudy v. J.C. Penney Corp.*, 2012 WL 1466514, at *2 (S.D. Cal. Apr. 27, 2012) (noting "that federal judges frequently examine the laws of other states without great moment or angst").

In sum, only one factor weighs against granting the motion to transfer venue; therefore, plaintiff has not met the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 571 U.S. at 67; *see also Wolfe*, 2016 WL 1117425, at *4 (granting motion to transfer when only one factor clearly favored denying motion to transfer).

## ORDER

Defendants' motion to transfer venue to the Southern District of New York (ECF 16) is GRANTED. The Clerk of the Court is DIRECTED TO TRANSFER this action to the United States District Court for the Southern District of New York.

DATED August 4, 2022.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
